NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2016[*]
Decided February 23, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1724

| | |
|---|---|
| JOVAN DANIELS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 1:14-cv-01654 |
| ALETHA HARPER, *Defendant-Appellee*. | James F. Holderman, *Judge*. |

**O R D E R**

Jovan Daniels, an Illinois inmate, suffered an asthma attack. In his suit under 42 U.S.C. § 1983, Daniels accuses a prison nurse, Aletha Harper, of ignoring it. (Daniels also sued a prison doctor, but he no longer pursues that claim). The district court granted Harper's motion for summary judgment. Because no evidence suggests that Harper was aware that Daniels had an urgent, serious medical need, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

We construe the record in Daniels's favor. Daniels suffers from asthma and has been hospitalized in the past for it. He awoke in his cell one morning with difficulty breathing. He alerted a sergeant, who told him to write a request for treatment. (The protocol for non-emergency treatment is for an inmate to fill out a form and place it in a box in the cellblock for pickup by a medical technician; in a medical emergency, the inmate can bypass the form and ask a medical technician or a guard to summon immediate medical assistance.) Following the sergeant's instruction, Daniels wrote out a request to go to the medical unit for trouble breathing because of his asthma. Daniels gave the note to the sergeant who told Daniels that he would give it to a medical technician.

Less than 20 minutes later, Daniels flagged down Nurse Harper, who was passing out medication to other inmates. (Nurse Harper is not a medical technician, nor was she serving as one on this day.) Daniels saw that the note he had written was now in Nurse Harper's bag, and he told her that he was having difficulty breathing and wanted to go to the medical unit. Nurse Harper was not examining patients, and she normally did not accept medical requests from inmates or guards while passing out medication. Nonetheless she told Daniels that when she finished handing out medication she would "see what she [could] do."

A few hours passed (how many is unknown) before Daniels was examined. After his brief encounter with Nurse Harper, he waited in his cell and his condition worsened. According to Daniels, he developed audible wheezing and could breathe only shallowly. His cellmate alerted the sergeant to Daniels's new symptoms, and the sergeant called for a medical technician. After several failed attempts to reach a technician, the sergeant ordered another guard to escort Daniels to the medical unit.

After he arrived at the medical unit, Daniels was examined, but the staff considered treatment unnecessary. A medical technician took his blood pressure, listened to his lungs, and then left. When she returned about ten minutes later, she told Daniels that "Dr. [Saleh] Obaisi said I was fine and to send me back to my unit." Daniels returned to his cell. Over the next ten hours, his condition deteriorated further. He wheezed and coughed loud enough to awake his cellmate around 11 p.m. Daniels told the cellmate that he was now nauseous, light-headed, and feared for life. His cellmate called for a medical technician who arrived promptly and escorted Daniels to the prison's emergency room.

Daniels received treatment that resolved the situation. A nurse examined him and noted that he had audible wheezing, difficulty breathing, and could not say a full

sentence. The nurse gave him a breathing treatment consisting of aerosolized albuterol, and a doctor ordered steroid pills and overnight observation. By early the next morning Daniels reported that he was feeling fine, although soon after he was worried that his difficulty breathing and wheezing had returned. At noon Dr. Obaisi examined Daniels and concluded that he could be discharged back to his cell. Dr. Obaisi continued Daniels's prescription for steroid pills and prescribed a new inhaler. Thereafter, Daniels's breathing problems subsided with no further intervention.

In this suit, Daniels alleges that Nurse Harper acted recklessly when she failed to summon medical assistance for him immediately when she saw him. The district court granted her motion for summary judgment. It explained that Nurse Harper had not acted recklessly because, among other reasons, no evidence suggested that when she saw Daniels she knew (or recklessly disregarded) that Daniels was suffering from a condition requiring instant treatment.

On appeal, Daniels raises one argument: Nurse Harper knew that Daniels was suffering from a serious medical condition and she failed to alert the medical unit promptly. Because, Daniels continues, she was deliberately indifferent to his medical needs, the district court erred in granting summary judgment.

But no evidence in the record supports Daniels's assertion that, when Nurse Harper saw him, she knew that his condition was serious and urgent. We recognize that "[a]sthma can be, and frequently is, a serious medical condition, depending on the severity of the attacks." *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005); *see Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). And we can assume that Daniels had a severe asthma attack. But Daniels needed to provide evidence suggesting that Nurse Harper disregarded symptoms from which she could infer that he was having a severe attack, and he has not. *See Perez v. Fenoglio*, 792 F.3d 768, 776–77 (7th Cir. 2015); *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 776 (7th Cir. 2014). Daniels told Nurse Harper only that he was having difficulty breathing because of asthma and wanted treatment. He did not report, and does not assert that he displayed, to her the symptoms of an attack that he says he developed only later, *after* she saw him: wheezing, coughing, shallow breathing, nausea, light-headedness, and an inability to complete sentences. Without seeing and disregarding symptoms of a severe attack, Harper was not aware of a substantial risk of serious harm to Daniels that required immediate medical attention. *See Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (inmate who said to officer that he had asthma, "can't breathe," and "needed [his] medication," but did not "exhibit[]

physical symptoms reflective of an asthma attack" did not display a serious medical condition.)

What is more, the record actually contains evidence that belies Daniels's contention that a medical professional in Nurse Harper's position would have perceived a need for immediate treatment. A few hours after Nurse Harper saw Daniels, when he says that his condition had deteriorated somewhat, staff at the medical unit who examined him did not detect an emergency. Both a medical technician and Dr. Obaisi did not think that his condition was serious enough to require intervention. (Although Daniels sued Dr. Obaisi in this case for his inaction, Daniels has on appeal acquiesced in the district court's grant of summary judgment to the doctor.) It wasn't until nearly twelve hours after Daniels's encounter with Nurse Harper that his condition had developed into a full-blown asthma attack, with the attendant physical symptoms. And at that point he received the care that resolved his condition. But because a reasonable trier of fact could not conclude from this record that Nurse Harper saw and recklessly ignored signs of a severe asthma attack when she briefly saw him a half day earlier, she is entitled to summary judgment. *See Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015); *Cavalieri v. Shepard*, 321 F.3d 616, 621 (7th Cir. 2003).

AFFIRMED.